1  L. Paul Mankin (SBN 264038)
   The Law Office of L. Paul Mankin
2  8730 Wilshire Blvd., Suite 310
   Beverly Hills, CA 90211
3  Phone: 800-219-3577
4  Fax: 323-207-3885
   Email: pmankin@paulmankin.com
5
6  Attorneys for Plaintiff
   Dorian Daniel
7
8
9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| DORIAN DANIEL,<br><br>     Plaintiff,<br><br>  vs.<br><br>SYNCHRONY BANK, INC..; and DOES 1 through 10, inclusive,<br><br>     Defendants. | **Civil Action No.:**<br><br>**COMPLAINT FOR:**<br>(1) **VIOLATION OF FAIR CREDIT REPORTING ACT (15 U.S.C. § 1681 – False Pretenses)**<br>(2) **VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCY ACT (Cal. Civ. Code § 1785.1)**<br>(3) **VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (Cal. Civ. Code § 1788)**<br><br>**JURY DEMAND** |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

DORIAN DANIEL ("Plaintiff"), by her attorney, L. Paul Mankin alleges the following against SYNCHRONY BANK, INC. (hereinafter "Defendant").

## **INTRODUCTION**

1. This is an action for actual and statutory damages brought by Plaintiff, an individual, against Defendant, for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.*, *as amended.* ("FCRA"), the California Consumer Credit Reporting Act § 1785.1 *et seq*. and Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. (hereinafter, "RFDCPA"),

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy."

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that Defendant transacts business here, and in that the conduct complained of occurred here.

## **PARTIES**

4. Plaintiff is a natural person who resides in the City of Ontario, County of San Bernardino, and State of California.

5. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15. U.S.C. § 1681a(c). Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

6. At all times pertinent hereto, Defendants was a "person" as that term is defined by 15 U.S.C. § 1681a(b) and "user" of credit reporting information as contemplated under 15 U.S.C. § 1681b(f).

## FACTUAL ALLEGATIONS

7. On February 20, 2015, Plaintiff filed for Chapter 7 bankruptcy in the Central District of California.

8. Plaintiff listed Defendant as a creditor in her bankruptcy schedules and creditor list.

9. On February 20, 2015, the clerk of the bankruptcy court mailed notice to Defendant that Plaintiff had filed for bankruptcy and the following notice "Creditors May Not Take Certain Actions: In most instances the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtors property."

10. Despite receiving notice of Plaintiff's bankruptcy filing and the automatic stay, Defendant made a regular credit inquiry on Plaintiff's consumer credit report with Transunion, LLC on March 5, 2015.

11. At no time did Plaintiff authorize Defendant to make any consumer credit report inquiry during the time Plaintiff's bankruptcy filing was active.

12. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FIRST CLAIM FOR RELIEF
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681b, WILFULL NON-COMPLIANCE BY DEFENDANT
### (Against all Defendants)

13. Plaintiff repeats and re-alleges and incorporates by reference the preceding paragraphs.

14. Defendant is a furnisher of information within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681-s2.

15. Defendant willfully violated the Fair Credit Reporting Act. Defendant's violation include, but are not limited to willfully violating 15 U.S.C. § 1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. § 1681b.

16. Based on information and belief, the credit reviews and the credit inquiries were used as collection tactics by Defendant with intent to obtain information and thereby have an unfair advantage over Plaintiff and/or harm

Plaintiff's good name and credit rating while he was protected by the Bankruptcy Automatic Stay.

17. As a result of Defendant's unauthorized actions, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow, as well as reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1681(n).

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against Defendant as follows:

A. Pursuant to 15 U.S.C. § 1681n(a) (1) (B), award her actual damages, and/or $1,000 for each access of her credit report obtained by false pretenses,

B. Pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive damages as the Court deems appropriate;

C. Pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; and

D. Grant such other and further relief as the court deems just and proper.

COMPLAINT AND DEMAND FOR JURY TRIAL
- 5 -

## SECOND CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT, 15 U.S.C. § 1785.11

### (Against all Defendants)

18. Plaintiff repeats and re-alleges and incorporates by reference the preceding paragraphs.

19. In committing the acts against Plaintiff as alleged above, Defendant subjected Plaintiff to unfair credit reporting practices. Defendant's violations include at least the following: obtaining and reviewing Plaintiff's consumer credit report from Experian without having permissible purpose required under California Civil Code § 1785.11.

20. Based on information and belief, Defendant did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer report from Experian because Plaintiff was protected by the Bankruptcy Automatic Stay. Therefore Defendant's request, acquisition and use of Plaintiff's consumer report was in violation of California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.11 and 1785.19.

21. Defendant negligently, willfully, and/or under false pretenses, requested, obtained and used Plaintiff's consumer report for a purpose not

COMPLAINT AND DEMAND FOR JURY TRIAL
- 6 -

authorized by California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.19.

22.   As a result of these unauthorized actions by Defendant, Plaintiff has suffered damages and is entitled to actual damages, punitive damages as the court may allow, and injunctive relief ordering deletion of the credit inquiries.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against Defendant as follows:

A.  Actual damages;

B.  Statutory damages for willful violations;

C.  Punitive damages as the Court deems appropriate;

D.  Costs and reasonable attorney's fees; and

E.   For such other and further relief as may be just and proper.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. Code § 1788, et seq.
### (Against all Defendants)

23.   Plaintiff repeats and re-alleges and incorporates by reference the preceding paragraphs.

24.   On information and belief, Defendant's impermissible inquires of Plaintiff's consumer credit report were in connection with an attempt to collect a

debt while Plaintiff was protected by the automatic stay during her Chapter 7 bankruptcy case. Consequently, Defendant's collection actions were in violation of Federal Bankruptcy law.

25. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of § 1692b to 1692j, inclusive, of and shall be subject to the remedies in § 1692k of , Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and §1692d(5).

26. Consequently, Plaintiff alleges Defendant violated § 1692e, e(4), e(5), and f of the RFDCPA and FDCPA through its impermissible inquiries of Plaintiff's credit report and collection attempts.

27. As a result of the above violations of the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish, and emotional distress.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in her favor and against Defendants as follows:

A. Actual damages;

B. Statutory damages;

C. Costs and reasonable attorney's fees; and

D. For such other and further relief as may be just and proper.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

DATED: July 31, 2015          RESPECTFULLY SUBMITTED,

                                        **The Law Office of L. Paul Mankin**

                                        By: /s/ L. Paul Mankin
                                              L. Paul Mankin
                                              Attorney for Plaintiff